[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action asking that a marriage be dissolved. All jurisdictional requirements for its maintenance have been met.
The parties intermarried in Trumbull, Connecticut on May 24, 1958. There are no minor children issue of the marriage. The marriage has broken down irretrievably with no hope of reconciliation. It is dissolved.
The break down occurred a long time ago. It is impossible from the evidence to fix the date of the breakdown specifically. The plaintiff testified that she had a case of "crabs" — pubic lice many years ago. She had never slept with anyone but the defendant. It is a fair inference that she got them from the defendant. It is also a fair inference that he got them from a sexual encounter outside the marriage. The plaintiff said she knew how she got them. She could have asked for a divorce then on the grounds of adultery but did not do so. The defendant testified that he had affairs during the marriage but not many — perhaps 4 or 5. He could not say when he had the last affair. He said that he made overtures to the plaintiff to be intimate but she refused him occasionally. He also said that she did not satisfy him so that he had to seek solace CT Page 8419 elsewhere. The plaintiff said she found lipstick on his shirts and undershorts and that she received many telephone calls looking for the defendant. It seems to the court that the parties just drifted apart and tolerated each other as they lived together. This action was finally brought by the plaintiff in September 1990 when the defendant told her that he had a girlfriend and wanted to marry her.
The plaintiff is awarded alimony in the amount of $350 a week, until she dies, remarries or cohabits within the meaning of the statute.
The property at 55 Judson Street in Shelton shall be put up for sale immediately and the net proceeds shall be divided 2/3 to the plaintiff and 1/3 to the defendant.
The parties shall divide the contents of the marital home and if they cannot agree, Family Relations is ordered to supervise and assist in the division.
The defendant's construction business shall belong to him including the trucks, machinery, tools and other appurtenances of the business.
The plaintiff shall keep the Dodge Aries automobile.
The defendant shall keep the boat and trailer and the campsite at the Roaring Brook Campgrounds in Stafford Springs, Connecticut. He shall also keep the 2 Dodge automobiles and the Buick Skyhawk.
The plaintiff shall keep the $8800 which she took from the savings account.
Each party will provide their own health insurance.
Each party will pay their own counsel fees.
The defendant shall be responsible for and pay the debts listed on his Financial Affidavit and any listed on the plaintiff's Financial Affidavit which are not otherwise listed on his own Financial Affidavit.
The defendant shall maintain life insurance in the amount of $25,000 naming the plaintiff as beneficiary thereof for as long as he is obligated to pay alimony to her.
THOMAS J. O'SULLIVAN, TRIAL REFEREE